IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES MAUREL CARROLL, (TDCJ-CID #1205745) | § § § | |
| Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION H-06-1354 |
| AARON'S RENTALS, *et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

James Maurel Carroll, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in March 2006, alleging civil rights violations resulting from his arrest and conviction. Carroll, proceeding *pro se* and *in forma pauperis*, sues Aaron's Rentals;[1] Michael Ricks, an employee of Aaron's Rentals; Randy Rorbasch, Manager for Intown Suites Company; the Intown Suites Company; and J. M. Wright, an officer of the Pasadena Police Department. The threshold issue is whether Carroll's civil rights claims can proceed at this time. This court concludes that Carroll's civil rights claims must be dismissed, for the reasons stated below.

---

[1] The Greater Houston White Pages indicates that the correct name of this business is, "Aaron's Sales & Lease Ownership." This business is located on Spencer Highway, as indicated by Carroll.

## I.     Carroll's Allegations

Carroll alleges that he had a contract with Aaron's Rentals to lease computer equipment. Carroll alleges that Intown Suites Company and its manager improperly allowed Aaron's Rentals employees to enter his residence and seize computer equipment. Carroll alleges that those employees viewed information stored on his computer without permission. He asserts that Aaron's Rentals had a policy requiring employees to format the hard drive of seized equipment without viewing the stored information. Carroll claims that Aaron's Rentals employees told law enforcement officers that they recovered images from Carroll's computer. This court has learned through telephone inquiry that the alleged incident took place on January 31, 2003. Carroll was convicted of possession of child pornography on November 7, 2003 and sentenced to a six-year prison term. Carroll does not seek damages in this suit, but asks that his conviction be overturned.

## II.    Discussion

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court must dismiss any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson*

*v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Carroll cannot sue private individuals for civil rights violations under 42 U.S.C. § 1983. Such claims can only be directed against state actors, not private parties. In addition, Carroll's civil rights claims are barred under *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). Under *Heck,* a court must dismiss a civil rights action under 42 U.S.C. § 1983 that attacks the validity of a conviction or sentence that has not been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. The *Heck* rule applies when a plaintiff seeks a declaratory judgment or injunction setting aside his conviction. Carroll's complaint is that he was improperly charged and convicted of possessing child pornography because the evidence was improperly obtained. A ruling granting Carroll the relief he seeks would necessarily invalidate his conviction, but Carroll has not alleged that his child pornography possession conviction has been reversed, invalidated, expunged, or called into question as *Heck* requires. "A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons,* 74 F.3d 99, 102-103 (5th Cir. 1996); *Randell v. Johnson,* 227 F.3d 300, 301 (5th Cir. 2000),

*cert. denied,* 121 S. Ct. 1601 (2001). Carroll's claims are "legally frivolous" under sections 1915(e)(2) and 1915A(b). Carroll's claims are dismissed without prejudice to reassertion if the *Heck* conditions are met. *See Clarke v. Stalder,* 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

Carroll's challenge to the validity of his conviction is not properly raised in a civil rights suit, but by a petition for habeas corpus relief. *See Clarke v. Stadler,* 121 F.3d 222 (5th Cir.), *reh'g en banc granted - opin. vacated,* 133 F.3d 940 (5th Cir. 1997), *rev'd in part on other grounds & opin. reinstated in relevant part,* 154 F.3d 186 (5th Circ. 1998) (en banc). Applicants seeking habeas relief must exhaust claims in state court before requesting federal collateral relief. *See Fisher v. Texas,* 169 F.3d 295, 302 (5th Cir. 1999). Carroll has not presented his Fourth Amendment claims to the Texas courts in either a state habeas application or a petition for discretionary review. A federal court must dismiss a federal habeas petition if state remedies have not been exhausted. Carroll neither alleges nor shows that he has exhausted state court remedies; he must do so before returning to federal court with a properly-filed habeas petition.

### III.  Conclusion

The action filed by James Maurel Carroll (TDCJ-CID Inmate #1205745) lacks an arguable basis in law. His claims are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1). Carroll's motion to proceed as a pauper, (Docket Entry No. 2), is granted.

This case is dismissed. The Clerk is directed to provide a copy to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and Clerk of Court, United States District Court for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas, 75702, attention: Betty Parker or via email at Betty_Parker/TXED/05/USCOURTS.

SIGNED on April 27, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge